IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT MAININI, on behalf of himself and others similarly situated,  §§§§ | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-05381 |
| § | |
| HEALTH MATCHING ACCOUNT SERVICES, INC., *et al.* §§§ | |
| *Defendants.* § | |

**REGINA AND ELLIOTT GOROG'S REPLY IN SUPPORT OF MOTION TO
DISMISS AND STRIKE DUPLICATIVE LITIGATION**

Richard D. Houghton
State Bar No. 24121678
Michelle Stratton
State Bar. No. 24085606
MURPHY BALL STRATTON LLP
1001 Fannin Suite 720
Houston, TX 77002
Tel: 412.721.7482
rhoughton@mbssmartlaw.com
mstratton@mbssmartlaw.com

*Attorneys for Regina Gorog*

Daniel F. Crowder
Texas State Bar No. 00796419
Email: dfcrowder@thecrowderlawfirm.com
CROWDER LAW FIRM
5005 Riverway Dr., Suite 450
Houston, Texas 77056
(713) 523-1200 – Telephone
(713) 523-1266 – Facsimile

*Attorney for Defendants Elliott Gorog and
Elliott Clifford Gorog, as Trustee of the
Elliott Clifford Gorog Trust*

This case is a later-filed, duplicative action. The Court's discretion to dismiss is at its zenith, because the case was brought to judge shop and circumvent the Court's schedule and adverse rulings in the first-filed *Pope* case that remains pending before this Court.

Through Mainini's counsel, the *Pope* plaintiffs—which included Mainini—developed the fraud theories asserted here, drafted and circulated a proposed amended complaint asserting those theories, and repeatedly relied on them to seek extraordinary relief in *Pope*, including appointment of a receiver, opposition to the United States' intervention, and mandamus remedies. *See* Ex. A (collecting *Pope* plaintiffs' reliance on the fraud alleged here). After those efforts failed and scheduling deadlines passed, the *Pope* plaintiffs could have sought to amend their complaint to add the new claims that they conceived and the defendants that Mainini sues here. The Federal Rules provided obvious procedural mechanisms for doing so—a motion for leave to amend and a motion to extend the scheduling order under Rule 16. Instead, notwithstanding that the issues he sues on remain embedded in *Pope*, Mainini filed this separate action, to get a new judge.

That maneuver does not alter this Court's authority to control duplicative litigation. Under *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169 (5th Cir. 2007),[1] the relevant inquiry is whether *Mainini* (this later-filed case) arises from the

---

[1] To conserve judicial resources, the Gorogs rely only on *Cambridge Toxicology*'s duplicity rule and not claim splitting in seeking dismissal. Thus, Mainini's privity and identity-of-parties-and-claims arguments, which are not required for a duplicity dismissal, are irrelevant. *See Mainini* Dkt. 13 at 8–9.

1

same series of events and substantially overlaps with *Pope* (a pending action). It does. *Mainini* asserts the same breach-of-contract claim against HMA, alleges that the Gorogs are HMA and liable for that same breach, and repackages the fraud allegations that were conceived and litigated in *Pope*.

Contrary to Mainini's arguments, Rule 41 does not mention (much less foreclose) dismissal for duplicity. A plaintiff who voluntarily dismisses his claims does not have carte blanche to then prosecute a parallel action arising from the same facts, filed in hopes of obtaining a different judge and circumventing the first action's schedule and rulings.

The Court should dismiss this case as duplicative of *Pope*.

## ARGUMENT[2]

### I. Mainini effectively admits this lawsuit was a forum-shopping attempt foiled by HMA's related-case notice.

In its opposition to the *Pope* plaintiffs' Fifth Circuit mandamus petition, the United States explained that this second lawsuit is aimed at "end running the district court's denial of [the *Pope* plaintiffs'] receivership motion" through "forum shopping and a ploy to pursue from another judge the relief Petitioners [the *Pope* plaintiffs] have properly been denied" in *Pope*. *See Mainini* Dkt. 13-2 at 35. Mainini apparently agrees that forum shopping was his purpose. *See Mainini* Dkt. 16 at 20–21. Thus, he does not deny that his omission of a related-case notice was intentional. *See id.* at 24.

---

[2] This Reply omits internal quotations, citations, and alterations, and it adds emphasis, in cited materials. This Reply also references PDF pages when citing to ECF docket filings.

Instead, Mainini cites a footnote in *Buckalew v. Celanese Ltd.*, 2005 WL 2266619 (S.D. Tex. Sept. 16, 2005) (Kent, J.) for the proposition that the Gorogs' related-case-notice argument "is without merit." *Mainini* Dkt. 16 at 24. But the argument *Buckalew* rejected was that a case filed in one geographic division would automatically have been assigned to another geographic division had the plaintiff flagged the related case. That is not the Gorogs' argument. They argue Mainini omitted a related-case notice because he was shopping for a new judge after adverse rulings in *Pope*; far from lacking merit, that argument is not meaningfully disputed.

## II. The Court should dismiss this case on duplicity grounds alone. Complete identity of parties and claims is not the law in this Circuit.[3]

Mainini contends that an unpublished Sixth Circuit case "forecloses defendants' duplicative litigation argument" because that circuit requires "identical" parties and claims, and *Pope* and *Mainini* are not identical. *Mainini* Dkt. 16 at 15–16 (citing *Twaddle v. Diem*, 200 F. App'x 435 (6th Cir. Sept. 29, 2006)); *see id.* at 5 (averring that differences in parties and claims defeat the Gorogs' motions to dismiss). But published *Fifth Circuit* precedent establishes that "suits and parties need not be identical" for a second action to be dismissed as duplicative. *Cambridge Toxicology*, 495 F.3d 169 at 178.

In two sentences of his 25-page response, Mainini dismisses *Cambridge Toxicology* as distinguishable, because this case adds the Gorogs and others as "new

---

[3] Mainini irrelevantly asserts that dismissal of duplicative litigation is discretionary, not mandatory. *Mainini* Dkt. 16 at 23. The Gorogs' briefs explain why the Court should exercise its discretion to dismiss here.

3

defendants." *Mainini* Dkt. 16 at 17. But Mainini's attempt to factually distinguish *Cambridge Toxicology* fails; there, the court affirmed as duplicative a second lawsuit that, as here, added a new defendant. *See* 495 F.3d at 172 (explaining that second, duplicative lawsuit included individual defendants from first lawsuit plus new entity defendant). More fundamentally, regardless of any factual differences with *Cambridge Toxicology*, Mainini does not and cannot dispute the case's *legal rule* that only "substantial overlap" between the facts—not identical parties and claims—is required to find a second lawsuit duplicative. *Id.* at 178; *see also Lewis v. Williamson Cnty., Texas*, 2024 WL 4930392, at *1 (5th Cir. Dec. 2, 2024) (duplicity exists if two cases involve "the same series of events" and "many of the same facts").

With his sights trained on the wrong legal requirement—complete identity of parties and claims—Mainini does not credibly dispute the substantial overlap between this case and *Pope*.

*First*, the cases involve substantially overlapping parties and claims. Mainini does not deny that the breach-of-contract claims against HMA in *Pope* and in this case are identical: same defendant, same contract, same facts, same cause of action. Further, this complaint avers, through alter-ego allegations, that "new" defendants Regina and Elliott Gorog (among others) *are* HMA, the *Pope* defendant. *See Mainini* Dkt. 1 at ¶¶ 246, 255. Mainini argues he has not proven that yet, *Mainini* Dkt. 16 at 6–7, but his allegations are assumed true at this stage, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mainini cannot rely on corporate separateness to defeat duplicity while simultaneously pleading non-separateness to impose liability.

4

*Second*, the cases rest on substantially overlapping facts: HMA's/the Gorogs' alleged fraud scheme. *See Mainini* Dkt. 13 at 10–11. *Compare Mainini* Dkt. 1, *with* Ex. A. Mainini's attempt to cast *Pope* as a mere breach-of-contract action and this case as a fraud action premised on different facts, *see Mainini* Dkt. 16 at 4–7, is insupportable. *See* Ex. A. Mainini ignores that the *Pope* plaintiffs: (1) relied extensively on the fraud allegations they now allege here in seeking a receiver, opposing government intervention, and petitioning for mandamus relief in *Pope*, and (2) announced repeatedly in *Pope* that they seek relief for the alleged fraud. *See id.*; *see also Pope* Dkts. 61, 61-1, 61-2, 70, 74, 75, 83 & 84; *Mainini* Dkt. 13-1. Thus, the alleged proof in both cases—text messages, whistleblower testimony, alleged Ponzi-scheme conduct, and purported diversion of funds—has already substantially overlapped.

*Third*, as Mainini admits, the cases seek substantially overlapping remedies, especially receivership. *See Mainini* Dkt. 16 at 11. And although the Fifth Circuit has recently denied mandamus relief, that denial left *Pope* pending before this Court and left intact the fraud allegations the *Pope* plaintiffs injected into that case; it did not withdraw, strike, or resolve them on the merits. Those allegations remain embedded in *Pope*'s record and overlap substantially with the claims asserted here.

This case amply satisfies the substantial-overlap standard and is therefore subject to dismissal.

### III. Rule 41 does not shield this case from dismissal on duplicative-litigation grounds.

Mainini treats Rule 41(a)(1) as a get-out-of-jail-free card that authorizes him to nonsuit his *Pope* claims and, so long as he adds some new defendants and new causes of action, bring a second lawsuit that substantially overlaps with the pending *Pope* suit. *See Mainini* Dkt. 16 at 15. But by its terms, Rule 41(a)(1) governs voluntary-dismissal mechanics; it does not limit a court's authority to manage its own docket by dismissing a later-filed action that substantially overlaps with a prior one. Indeed, Mainini's view of Rule 41(a)(1) would nullify *Cambridge Toxicology* and other cases holding that courts may refuse to entertain duplicative litigation. *See, e.g.*, *Slack v. McDaniel,* 529 U.S. 473, 478 (2000); *McCoy v. Blossom*, 2014 WL 1120346, at *5–6 (W.D. La. Mar. 20, 2014), *abrogated on other grounds*, *Clyce v. Farley*, 836 F. App'x 262 (5th Cir. 2020).

*Bechuck v. Home Depot USA, Inc.*, 814 F.3d 287 (5th Cir. 2016), is not to the contrary. That case addressed whether a district court, after the plaintiff's voluntary dismissal of his claims, may restrict a plaintiff to refiling in the same court. *See id.* at 292 (holding a court may not). That is not at issue here. In any event, *Bechuck* never suggested that duplicative-litigation principles could not constrain a plaintiff's refiling "freedom." *Bechuck* does not discuss *Cambridge Toxicology* or duplicative litigation, nor did it involve a substantially-overlapping first-filed action that was still pending. A plaintiff may voluntarily dismiss his claims under Rule 41. But if he files a duplicative lawsuit, it is subject to dismissal.

Moreover, Mainini's Rule 41 argument presupposes that the first-filed *Pope* action has terminated. It has not. *Pope* remains pending before this Court, where the parties continue to litigate the same contractual relationship, and where the *Pope* plaintiffs injected and extensively litigated the same alleged fraud and entitlement to receivership. *See* Ex. A. The duplicative-litigation doctrine exists precisely to address this circumstance.

### IV. Mainini's insistence that he had to bring this action because he "could not" have brought these claims in *Pope* is false.

Mainini attempts to justify this lawsuit by arguing that, because its claims rely on evidence that emerged after *Pope*'s filing, he "could not" have made these allegations against these parties in *Pope*. *Mainini* Dkt. 16 at 5–6, 15, 22.

That is not true. The *Pope* plaintiffs "uncovered" this new purported evidence while Mainini was a *Pope* plaintiff. *E.g.*, *Pope* Dkts. 41 (August 15, 2025 stipulation of dismissal of Mainini); 61-1 at 7 ("The breakthrough came on June 4, 2025, when ClaimChoice finally produced two pages of explosive text messages between Elliot Gorog (HMA's principal) and Phil Burghardt (ClaimChoice's CEO). These messages . . . includ[ed] Gorog's acknowledgement that HMA was operating as 'my Ponzi scheme' and his instructions to 'pocket the savings' from customer accounts."). The *Pope* plaintiffs then relied on this new purported evidence to request a receiver, oppose the United States's intervention, and seek mandamus relief. Further, *Pope* plaintiffs' counsel drafted the complaint that is now this action as a proposed amended complaint in *Pope* and circulated it to HMA, requesting its non-opposition to the amendment after the joinder and amendments deadline had passed. *See Pope*

7

Dkt 61-1 at 8. And had the *Pope* plaintiffs promptly moved for leave to amend due to newly discovered evidence, this Court may have concluded they had good cause to amend. *Cf. Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.*, 2011 WL 2193294, at *5 (S.D. Tex. June 6, 2011) ("New information learned during discovery is good cause to amend under Rule 16.").

Yet the *Pope* plaintiffs did not seek to amend, not because they "could not," but because this Court denied a receiver and allowed the United States to intervene there. When that happened, the *Pope* plaintiffs filed a mandamus petition requesting a new judge (belt), and they then filed this duplicative lawsuit hoping it would go to a different judge (suspenders).

A district court's exercise of discretion to dismiss duplicative litigation is particularly justified when a second lawsuit is filed "to circumvent the district court's previous adverse rulings." *Cambridge Toxicology*, 495 F.3d at 178. Again, Mainini does not deny this purpose; he just says "tactical advantage" is not "prejudice." *Mainini* Dkt. 16 at 21. But prejudice to a defendant is not required for duplicative-litigation dismissal, which exists primarily to protect judicial resources.

This is not the first time that counsel in *Mainini* and *Pope* has vexatiously multiplied proceedings. *See Mgmt. Registry, Inc. v. A.W. Cos.*, 2020 WL 4915832 (D. Minn. Aug. 21, 2020). Dismissal of this duplicative litigation, filed by *Pope* plaintiffs' counsel to circumvent this Court's rulings, is an appropriate exercise of discretion.

***

Mainini also argues that this separately-filed suit "was necessary due to government proceedings," namely "because the government moved to intervene in

8

*Pope.*" *Mainini* Dkt. 16 at 11. But that too is wrong. Mainini has now agreed to stay all party discovery until July 1, 2026 "to accommodate the parallel Missouri action and the government's ongoing criminal investigation." *Mainini* Dkt. 17 at 1–2; *see also Mainini* Dkts. 18 & 19. That agreement fatally undermines Mainini's claim that a separate lawsuit was necessary because of government proceedings. If those proceedings require accommodation, they could be—and were—accommodated through case management in *Pope. See Pope* Dkt. 84 at 13 (*Pope* plaintiffs have "no objection to delaying depositions" in that case); *Pope* 12/15/25 Minute Entry. A duplicative lawsuit is unnecessary.

The government's Missouri action did not divest this Court of jurisdiction over *Pope*, did not fully stay *Pope*, and did not prevent amendment or scheduling relief in *Pope*. To the contrary, the *Pope* plaintiffs argued that the parallel proceedings were appropriate and manageable and that the Missouri TRO supported relief in *Pope*. *E.g.*, *Pope* Dkt. 75 at 15 ("This Court has authority to coordinate with Missouri . . . ."), 16 ("The government's § 1345 freeze preserves assets; a civil receivership actively manages them for victims' benefit. Both can—and should—operate simultaneously."); *see also Pope* Dkt. 70 at 1. After the *Pope* plaintiffs relied on those proceedings to seek relief in in that case, Mainini cannot now invoke them—through the *Pope* plaintiffs' counsel—to justify fragmenting a single controversy into multiple actions.

### V. Mainini's opposition brief contains incorrect case quotations that suggest unverified AI generation.

"Many harms flow from deceptively citing to nonexistent case law and fabricated quotations, including wasting the opposing party's time and money, the

Court's time and resources, and reputational harms to the legal system (to name a few)." *Mid-Am. Apartment Cmties., Inc. v. Philipson*, 2025 WL 2625359, at \*2 (W.D. Tenn. Sept. 11, 2025). Recently, courts have charged parties with an affirmative duty to flag such misconduct by the opposing party. *See, e.g.*, *Billups v. Louisville Mun. Sch. Dist.*, 2025 WL 3691871, at \*8 (N.D. Miss. Dec. 19, 2025); *Elizondo v. City of Laredo*, 2025 WL 2071072, at \* 3 (S.D. Tex. July 23, 2025). In keeping with that duty, the Gorogs inform the Court that Mainini's opposition brief attributes to cases various quotes that do not exist.[4] *See* Ex. B; *see also Pope* Dkt. 71 at 23 n.6 (HMA observing that the *Pope* plaintiff's motion for class certification is "riddled with improper case quotations and citations.").

## CONCLUSION

The Court should dismiss this duplicative litigation.

---

[4] Mainini also incorrectly recites several facts. For example, Mainini claims that "[t]his is the Gorogs' first lawsuit ever." *Mainini* Dkt. 16 at 5; *see also id.* at 14 (similar). That is false. *See id.* at 25 (Mainini admitting the government's Missouri action, which predated this case, names the Gorogs as defendants). Likewise, Mainini falsely suggests that the *Pope* plaintiffs do not seek fraud damages. *Compare Mainini* Dkt. 16 at 11, *with Pope* Dkt. 84 at 8 ("The government here seeks to protect its prosecutorial prerogatives and investigation . . . rather than a direct stake in the civil claims for breach of contract *and fraud damage being pursued by the [Pope] class members*."), *and Pope* Dkt. 84 at 9 (similar). The Gorogs attach Exhibit C, a timeline of relevant events, for the Court's convenience.

Dated: February 3, 2026　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　*/s/ Richard D. Houghton*
　　　　　　　　　　　　　　　　Michelle Stratton
　　　　　　　　　　　　　　　　State Bar. No. 24085606
　　　　　　　　　　　　　　　　Richard D. Houghton
　　　　　　　　　　　　　　　　State Bar No. 24121678
　　　　　　　　　　　　　　　　Fed. No. 3363238
　　　　　　　　　　　　　　　　MURPHY BALL STRATTON LLP
　　　　　　　　　　　　　　　　1001 Fannin Suite 720
　　　　　　　　　　　　　　　　Houston, TX 77002
　　　　　　　　　　　　　　　　Tel: 412.721.7482
　　　　　　　　　　　　　　　　mstratton@mbssmartlaw.com
　　　　　　　　　　　　　　　　rhoughton@mbssmartlaw.com

　　　　　　　　　　　　　　　　*Attorneys for Regina Gorog*

　　　　　　　　　　　　　　　　*/s/ Daniel F. Crowder*
　　　　　　　　　　　　　　　　Daniel F. Crowder
　　　　　　　　　　　　　　　　Texas State Bar No. 00796419
　　　　　　　　　　　　　　　　Southern District No. 21537
　　　　　　　　　　　　　　　　Email: dfcrowder@thecrowderlawfirm.com
　　　　　　　　　　　　　　　　CROWDER LAW FIRM
　　　　　　　　　　　　　　　　5005 Riverway Dr., Suite 450
　　　　　　　　　　　　　　　　Houston, Texas 77056
　　　　　　　　　　　　　　　　(713) 523-1200 – Telephone
　　　　　　　　　　　　　　　　(713) 523-1266 – Facsimile

　　　　　　　　　　　　　　　　*Attorney for Defendants Elliott Gorog and Elliott Clifford Gorog, as Trustee of the Elliott Clifford Gorog Trust*

## **CERTIFICATE OF SERVICE**

　　I certify that the foregoing instrument was served by CM/ECF to all counsel of record on February 3, 2026.

　　　　　　　　　　　　　　　　*/s/ Richard D. Houghton*
　　　　　　　　　　　　　　　　Richard D. Houghton

11