# Exhibit B

**Defective Quotations, Citations & Statements:**
**Plaintiff's Unified Opposition to Defendants' Motion to Dismiss**

| Quotations, Statements, & Citations from Plaintiff's Opposition | Location in Plaintiff's Opposition | Source Cited in the Opposition | Notes |
|---|---|---|---|
| *Netlist* . . . forecloses defendants' claim-splitting argument. The court held that when a related claim **"was voluntarily dismissed from the first case, there is no simultaneous litigation as required for claim splitting."** | PDF 13 | *Netlist, Inc. v. Samsung Electronics Co, LTD*, No. 2:22-cv-00293 (E.D. Tex. Aug 28, 2023) | **Nonexistent Quotation**<br><br>The Gorogs were unable to locate the bolded quotation in *Netlist*. |
| [*Pujols*] establishes that **"claim-splitting doctrine does not bar a second wage and hour action brought against defendants not named in an earlier action"** because **"the new defendants were not in privity with the original defendants."** The court held privity requires showing the new defendants' **"interests were adequately represented by a party to the original suit,"** and that "independently liable" defendants who were not parties to the original suit avoid the claim-splitting bar. | PDF 16 | *Pujols v. RTS Solutionz, Inc.*, No. 1:22-cv-05455 (S.D.N.Y. Jan 9, 2023) | **Nonexistent Quotations**<br><br>The Gorogs were unable to locate the following quotations in the *Pujols* opinion:<br><br>"interests were adequately represented by a party to the original suit"<br><br>"the new defendants were not in privity with the original defendants"<br><br>**Misquotation**<br><br>As to the first bolded quotation set forth in the lefthand column, it appears to be a misquotation of the following from *Pujols*: "For example, at least one court in this District has found that the doctrine did not bar a second wage and hour action brought against defendants not named in an earlier action" |

1

| Quotations, Statements, & Citations from Plaintiff's Opposition | Location in Plaintiff's Opposition | Source Cited in the Opposition | Notes |
|---|---|---|---|
| [*Bottorff-Arey*] confirms . . . **"claim-splitting doctrine does not apply when plaintiff dismisses one defendant without prejudice, settles with other defendants, and files new timely action against remaining defendant."** | PDF 16 | *Bottorff-Arey v. Grossheim*, No. 2:24-cv-00066 (E.D. Mo. Jun 10, 2025) | **Nonexistent Quotation**<br><br>The Gorogs were unable to locate the bolded quotation in *Bottorff-Arey v. Grossheim*. |
| *Hammervold v. Blank*, 7 F.4th 362 (5th Cir. 2021) forecloses defendants' argument. | PDF 22; *see also* PDF 4 (reciting *Hammervold* in Table of Authorities) | *Hammervold v. Blank*, 7 F.4th 362 (5th Cir. 2021) | **Incorrect Citation to a Different Fifth Circuit Case**<br><br>7 F.4th 362 is the citation for *Par. of Plaquemines v. Chevron USA, Inc.*, not *Hammervold v. Blank*. *Hammervold*'s correct citation is 3 F.4th 803. |
| [*Am. Heart Research Found.*] establishes that government § 1345 enforcement actions focus on expedited injunctive relief and **asset freeze**, not victim compensation. The First Circuit held that § 1345's purpose is to allow the Attorney General to **"quickly end fraud schemes"** and that courts should not **"handicap and delay injunction actions by insisting that the government assert at the same time any civil damage claims."** | PDF 24 | *United States v. Am. Heart Research Found., Inc.*, 996 F.2d 7 (1st Cir. 1993) | **Misquotation and Misleading Paraphrase**<br><br>As to the bolded quotation, the case actually reads: "The purpose of section 1345 is 'to allow the Attorney General to put a *speedy end* to a fraud scheme by seeking an injunction in federal district court' as soon as the requisite evidence is secured."<br><br>With respect to the paraphrased use of "asset freeze," neither word appears in the case. |

2

| Quotations, Statements, & Citations from Plaintiff's Opposition | Location in Plaintiff's Opposition | Source Cited in the Opposition | Notes |
|---|---|---|---|
| [The *Kanodia* court] rejected government claims that civil proceedings would improperly advantage defendants, holding this merely reflects **"the reality of parallel civil and criminal proceedings"** and that **"loss of the government's usual tactical advantage is insufficient"** to justify halting private civil actions. | PDF 27 | *S.E.C. v. Kanodia*, 153 F. Supp. 3d 478 (D. Mass. 2015)<br><br>*Id.* at 481. | **Misquotation and Nonexistent Quotation**<br><br>As to the first quotation, *Kanodia* actually provides: "It is simply the reality of litigation in cases where there are parallel civil and criminal proceedings."<br><br>The Gorogs were unable to find the second quotation in *Kanodia*: "loss of the government's usual tactical advantage is insufficient." |

3